**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>SONYA FERRIERE,<br>SSN:  xxx-xx-1227,<br><br>      Debtor. | Case No. 26-12895-JGR<br>Chapter 13 |

## ORDER DISMISSING CHAPTER 13 BANKRUPTCY CASE

THIS MATTER is before the Court on the Chapter 13 Trustee's Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss filed on June 8, 2026 (Doc. 44) and the Debtor's untimely Response filed on June 25, 2026 (Doc. 50).

### BACKGROUND

The Debtor filed this bankruptcy case on April 27, 2026.  The filing represents the latest chapter in the saga of the Debtor's attempts to unwind and/or contest decisions entered in her state court marital dissolution action.  In its Order Denying Ex Parte Emergency Motion entered on April 29, 2026 (Doc. 11), the Court summarized the prior bankruptcy cases as follows.

The Debtor filed her first chapter 13 case, Case No. 25-10459-JGR, on January 29, 2025.  On July 24, 2025, the Court entered its Order Dismissing Chapter 13 Case Prior to Confirmation of the Plan for numerous reasons recited by the Court at the confirmation hearing held July 24, 2025, namely that the Debtor was behind on plan payments, did not have income to fund a feasible plan, was in chapter 13 for six months without a confirmed plan, did not respond to the 12-paragraph objection of the Chapter 13 Trustee, proposed a patently unconfirmable plan contrary to the final orders entered in her divorce case, and the Debtor improperly attempted to relitigate such final state court orders in the Bankruptcy Court[1].

On July 30, 2025, the Debtor filed a Notice of Appeal of the Dismissal Order.  No stay was obtained pending the appeal, and the appeal was dismissed on October 8, 2025.

Pursuant to 11 U.S.C. § 362(c)(2)(B), the automatic stay terminated at the time the case was dismissed on July 24, 2025.

---

[1] See Order Denying Debtor's Emergency Motion (Doc. 108) entered July 31, 2025.

The Debtor filed a second chapter 13 case, Case No. 25-15018-JGR, on August 11, 2025, which was dismissed on the same day due to the prohibition of maintaining two simultaneous cases[2].

A third case, Case No. 26-10803-JGR, was filed on February 11, 2026, and was dismissed on March 3, 2026, for failure to cure a deficient case filing[3].

## THE FOURTH BANKRUPTCY CASE

This bankruptcy case was filed on April 27, 2026.  The bankruptcy filing was accompanied by an Ex Parte Forthwith Motion For Emergency Hearing On Motion For Preliminary Protective Order Pursuant To Debtor's Ex Parte Emergency Motion To Reopen Case 25-10459 JGR and Request For the Issuance of an Order To Show Cause Or , In the Alternative, Debtor's Motion to Impose The Automatic Stay With Incorporated Verified Sworn Declaration And Motion To File All Documents Under Seal (Doc. 7) and a Debtor's Verified Ex Parte Emergency Motion For Preliminary Protective Order Pending Further Proceedings on Debtors Emergency Ex Parte Motion To Reopen Case 10459 JGR with incorporated Verified Sworn Affidavit and Request for the Issuance of an Order To Show Cause, or, in the Alternative, Debtor's Motion To Impose The Automatic Stay With Incorporated Verified Sworn Affidavit and Motion To File all Documents Under Seal (Doc. 8).

On April 29, 2026, the Court entered Orders Denying the Ex Parte Emergency Motion (Doc. 11) and Denying the Ex Parte Motion for Protective Order (Doc. 12).

On April 30, 2026, the Debtor filed Debtor's Renewed Verified Ex Parte Emergency Motion for Preliminary Protective Order Pending Further Proceedings on Debtors Motion to Impose the Automatic Stay with Incorporated Verified Sworn Affidavit and Motion to File All Documents under Seal (Doc. 17), Renewed Ex Parte Forthwith Motion for Emergency Hearing on Motion for Preliminary Protective Order Pursuant to Debtor's Ex Parte Emergency Motion to Impose the Automatic Stay With Incorporated Verified Sworn Declaration and Motion to File All Documents Under Seal (Doc. 18), and Motion to Impose the Automatic Stay Pursuant to 11 U.S.C. 362(c)(4)(B) with Incorporated Sworn Affidavit and Request for Determination That Debtor's Homestead is Subject to the Automatic Stay, or Debtor's Verified Ex Parte Emergency Motion to Reopen Case 25-10459 JGR and Request for the Issuance of an Order to Show Cause and Motion to File all Exhibits Under Seal (Doc. 19).

Orders Denying the Renewed Ex Parte Motion for Protective Order (Doc. 25) and Denying Renewed Ex Parte Motion for Emergency Hearing (Doc. 26) were entered on May 6, 2026.  No objections were filed in opposition to the Debtor's Motion to Impose the Automatic Stay, but the Debtor failed to certify the matter, and as a result, no order entered imposing the automatic stay.

---

[2] See Order Dismissing Chapter 13 Bankruptcy Case entered August 11, 2025 (Doc. 6).

[3] See Order Dismissing Deficient Case and Vacating Hearing, entered March 2, 2026 (Doc. 11).

The Debtor's bankruptcy petition was filed in a deficient manner without supporting schedules or statements or a Chapter 13 Plan. On May 6, 2026, the Debtor filed her Statement of Financial Affairs, Schedules A-J, and related documents (Doc. 27). Schedule I: Your Income reflects the Debtor is not employed and her only source of income is family support payment in the amount of $878.00 per month. Schedule J: Your Expenses reflects monthly expenses totaling $2,491.00, resulting in a monthly deficit in the amount of $1,613.00. The Debtor's Chapter 13 Plan filed on May 6, 2026 (Doc. 30) proposed payments over a 36-month term in the total amount of $4,382.45. The only debt proposed to be paid in the plan was to cure homeowners' association dues in the amount of $3,984.00.

## THE TRUSTEE'S OBJECTION AND MOTION TO DISMISS

The Trustee's objection to confirmation raises numerous grounds. It is the same objection the Trustee has filed in the previous cases. The Trustee raises concerns regarding income. The Debtor has not provided proof of income that will support a chapter 13 plan and the plan is not feasible because the Debtor's Schedules I and J do not reflect positive cash flow.

The objection raises issues with the drafting of the plan, including inconsistencies regarding the funding of the Trustee's administrative fees and the funding of the payments to the homeowners' association. In addition, the plan includes modified provisions that are not clear and conspicuous.

The objection also raises issues with exemptions claimed by the Debtor, the valuation of her assets, and questions the Debtor's ability to pursue lien avoidance motions.

Finally, the Trustee asserts that the plan contains provisions which require independent court review pursuant to *United Student Aid Fund, Inc. v. Espinosa*, 559 U.S. 260 (2010) and objects to part 12 of the plan in its entirety.

In addition to objecting to confirmation of the plan, the Trustee seeks dismissal of the case. The Trustee notes that this is the Debtor's fourth case pending within the last year, that the deficiencies of the Debtor's "patently unconfirmable plan" mirror the deficiencies of plans filed in the first case, and that the Debtor's failure to successfully obtain confirmation of a plan in the multiple cases constitutes prejudicial delay to creditors.

The Trustee's request for dismissal was accompanied by a notice pursuant to L.B.R. 9013 requiring objections to be filed by June 22, 2026.

**THE DEBTOR'S UNTIMELY RESPONSE**

The Debtor's response was untimely filed on June 25, 2026.  The Debtor claims her response was timely filed, adding additional three days for mailing despite the date certain set forth in the 9013-1 Notice of June 22, 2026.

The Debtor's response acknowledges the previous bankruptcy filings but attempts to blame the dismissal on the actions of her creditors.  Generally, the response indicates an intent to correct the technical errors in the plan, but reaffirms the Debtor's steadfast goal of using the bankruptcy case to attack lawful orders entered in the prior state court domestic relations action pending in the Douglas County District Court, *In re Marriage of: Christopher M. Worley, Petitioner, Sonya L. Ferriere, Respondent*, Case No. 20DR30951 ("Divorce Case").

In furtherance of this effort, the Debtor filed a sprawling 550-page complaint, Adversary Case No. 26-01183-JGR, advancing approximately 29 claims for relief against over 40 Defendants, including the Governor of Colorado, the Colorado Attorney General, and numerous judicial officers.  The alleged claims for relief include challenges to the constitutionality of Colorado Rules of Civil Procedure, various civil rights violations, violations of the Sherman Act, and other personal injuries over which the Bankruptcy Court does not have subject matter jurisdiction.  The complaint only includes tangential claims arising from her various bankruptcy filings related to claimed violations of the automatic stay that were previously resolved.

**ANALYSIS**

This Court has subject matter jurisdiction over the confirmation of the Debtor's Chapter 13 Plan pursuant to 28 U.S.C. § 157(a) and (b)(2)(L).

There are no factual disputes requiring an evidentiary hearing.

This bankruptcy case was filed after the entry of an Order Regarding Petitioner's Motion for Contempt of Court on December 11, 2025, in the Divorce Case.  The order required the Debtor to vacate the former marital residence on or before January 13, 2026, to allow for its sale.  In the event the Debtor refused to vacate the premises, the order authorized law enforcement to assist with an eviction.

At the time the order was entered in the Divorce Case, no bankruptcy stay was in effect.

The Debtor did not vacate the former marital residence by January 13, 2026.  Thereafter, the Debtor was served with a Notice to Terminate Tenancy - Residential Eviction Notice, advising the Debtor that if the premises was not vacated by 12:00 p.m. on April 27, 2026, eviction proceedings would be initiated.

The Debtor filed this bankruptcy case in the latest chapter of her efforts to evade complying with the lawful orders entered in the Divorce Case.

In pertinent part, 11 U.S.C. § 1325(a) provides that the Court shall confirm a plan if

(1) The plan complies with the provision of this chapter and with other applicable provisions of this title;

. . .

(3) The plan has been proposed in good faith and not by any means forbidden by law;

. . .

(6) The debtor will be able to make plan payments under the plan and comply with the plan.

(7) The action of the debtor in filing the petition was in good faith . . . .

11 U.S.C. § 1322(b)(1) provides that a plan may designate classes of unsecured claims but may not discriminate unfairly against any class so designated.

11 U.S.C. § 1307(c)(1) provides that a chapter 13 case may be dismissed for unreasonable delay by the debtor that is prejudicial to creditors.

The Debtor's plan does not comply with the Bankruptcy Code or Chapter 13. The plan purports to disallow claims under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6) provisions which address the dischargeability of debts owed by debtors, not the enforceability of claims asserted by creditors.

The plan does not recognize secured creditors holding claims against the former martial residence but seeks to allow the Debtor to remain in possession of the property in direct violation of the Divorce Court order.

The plan does not comply with 11 U.S.C. § 1322(b)(1). The plan designates two classes of unsecured creditors. One class consists of claims the Debtor deems as "lawful" and are included in the plan while all other claims, including those arising from lawful court orders, are excluded and not paid under the plan. The proposed treatment discriminates unfairly against claims the Debtor refuses to acknowledge.

The plan has not been proposed in good faith and not by any means forbidden by law. As this Court has previously ruled, the Bankruptcy Court cannot be used as an appellate court for unfavorable state court rulings. The *Rooker-Feldman* Doctrine, derived from two Supreme Court Cases, *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "forbids lower federal courts from reviewing state-court civil judgments." *Mayotte v. U.S. Bank Nat'l Ass'n for Structured*

*Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1170 (10th Cir. 2018).

The plan is not feasible.  The Debtor's Schedules I and J evidence the Debtor has no disposable income and cannot make plan payments under the plan.

The filing of the Debtor's bankruptcy petition was not made in good faith.  The petition was filed solely for the purpose of evading lawful orders issued in the Divorce Case.

This is the fourth bankruptcy case filed by Debtor pending within the last year.  The serial filings have been made with the intent to hinder creditors, have caused unreasonable delay, and are prejudicial to creditors.

At bottom, this case smacks of bad faith, proposes a patently unconfirmable plan and must be and hereby is, dismissed.

IT IS THEREFORE ORDERED as follows:

1.  The within case is hereby DISMISSED. The Clerk of the Court shall serve this Order on all creditors and parties-in-interest within **five (5) days of the date of this Order**.

2.  In accordance with 11 U.S.C. §§ 349(b)(1) and (2), any transfer avoided under Section 522, 544, 545, 547, 548, 549 or 724(a) of Title 11, or preserved under Section 510(c)(2), 522(i)(2), or 551 of Title 11 is reinstated; any lien voided under Section 506(d) of Title 11 is reinstated; and any order, judgment, or transfer ordered under Section 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

3.  All property of the estate, except payments made by the Debtor(s) to the Trustee, shall revest in the Debtor as of the date of this Order pursuant to 11 U.S.C. § 349.

4.  Payments made by the Debtor(s) shall be retained by the Trustee pending payment of claims allowed under Section 503(b) pursuant to 11 U.S.C. § 1326(a)(2).

    a. Any request for allowance of a Section 503(b) claim shall conform with 11 U.S.C. § 503 and Rules 9013, 9014 and 2002, Fed.R.Bankr.P. . . and be filed **no later than 28 days of the date of this order**.

    b. **Within 30 days after determination** of the last request, if any, for allowance of Section 503(b) claims, the Trustee shall pay all fees imposed by statute and all allowed section

503(b) claims from payments made by the Debtor(s) and return any surplus to the Debtor(s).

5.      11 U.S.C. § 105, 11 U.S.C. § 362, and 11 U.S.C. § 349(a) permit bankruptcy courts to dismiss bankruptcy cases with prejudice for cause. *See In re Corben,* 667 B.R. 791, 797-799 (Bankr. S.D.N.Y. 2025).  The Debtor filed this case as a litigation tactic to avoid lawful orders of the state court, rather than as a sincere effort to pay her creditors.  The Court therefore, dismisses this bankruptcy case with prejudice for one year.  *In re Quartz Hill Mining, LLC,* 2014 Bankr. LEXIS 5289 (Bankr. S.D. Fla. August 1, 2014)(dismissing bankruptcy case with prejudice for one year).

Dated this 2nd day of July, 2026.                    BY THE COURT:

_____

Joseph G. Rosania, Jr.
United States Bankruptcy Judge